# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LANCE WELDISHOFER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-451-Orl-28KRS**

**SPECIALTY ROOFING AND COATING COMPANY, MARK SCHMIDTER,**

        **Defendants.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 11)**
>
> **FILED:**　　April 27, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The motion for entry of a final default judgment is not accompanied by a memorandum of law as required by M.D. Fla. L.R. 3.01(a).

Plaintiff Lance Weldishofer may file a renewed motion for a default judgment on or before June 24, 2005. Weldishofer is not entitled to entry of a default judgment merely because a default has been entered against the defendants. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, he must establish that the factual allegations in his Amended Complaint are sufficient, under governing law, to establish that each of the defendants is

liable for the alleged violations of law set forth in the complaint. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.  Accordingly, it is **ORDERED** that the renewed motion must be supported by a memorandum of law that sets forth the elements of each claim on which judgment is sought and sets forth pinpoint citations to the allegations of the complaint that establish each element of each claim as to each defendant.

By failing to appear and answer the complaint, the defendants do not admit that any damages are owed to the plaintiff. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  Accordingly, Weidishofer must support his renewed motion for default judgment with evidence that supports the damages he seeks.

Evidence of attorney's fees must include evidence of the reasonable hourly rate of the individuals who seek payment of fees.

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988) (internal citations omitted). Evidence of attorney's fees must also include evidence that the number of hours for which reimbursement was sought are reasonable. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Fee applicants must also provide "'fairly definite

information'" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990), *aff'd*, 109 F.3d 771 (11th Cir. 1997)).  If the applicant submits inadequate documentation to support its request for fees, a court may reduce the award, based on its own experience without further briefing or an evidentiary hearing. *Id*.

Additionally, if Weidishofer seek an award of costs, he must present evidence that the costs were actually paid, and that the costs were reasonably incurred in this litigation.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties