**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LANCE WELDISHOFER,

**Plaintiff,**

-vs-                                                    Case No.  6:05-cv-451-Orl-28KRS

SPECIALTY ROOFING AND COATING COMPANY,
MARK SCHMIDTER,

**Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed

herein:

---

> **MOTION:**     **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MARK SCHMIDTER (Doc. No. 18)**
>
> **FILED:**       **August 2, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

---

> **MOTION:**     **PLAINTIFF'S SECOND RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT, MARK SCHMIDTER (Doc. No. 19)**
>
> **FILED:**       **August 10, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

---

> **MOTION:**   **PLAINTIFF'S SECOND RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT, SPECIALTY ROOFING AND COATING COMPANY (Doc. No. 20)**
>
> **FILED:**   **August 10, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.   PROCEDURAL BACKGROUND.

Plaintiff Lance Weldishofer filed a complaint against Defendants Specialty Roofing and Coating Company ("Specialty Roofing") and Mark Schmidter alleging that they failed to pay him wages as required under the Fair Labor Standards Act (FLSA), Chapter 448, Florida Statutes, and Florida common law.  Weldishofer specifically alleged in Count One that Specialty Roofing and Schmidter failed to pay him for overtime work he performed in violation of the FLSA.  Doc. No. 1 ¶¶ 11-12.  He alleged in Count II that the defendants failed to pay him minimum wages for work he performed between December 3, 2004, and December 17, 2004.  Doc. No. 1 ¶¶ 13-14.  He alleged in Count III that the defendants willfully failed to pay wages or compensation due to him with regard to his employment in violation of an express employment contract under Florida common law.  Doc. No. 1 ¶¶ 15-17.

Both defendants were served with the complaint.  Doc. Nos. 8-9, 12-13.  Neither of the defendants appeared or answered the complaint.  Accordingly, in response to a motion filed by Weldishofer, the Clerk of Court entered a default against both defendants.  Doc. No. 10.

Weldishofer filed the above-referenced motions seeking default judgments against both Specialty Roofing and Schmidter.  Doc. Nos. 18-20.[1]  All three motions are supported by identical affidavits of Weldishofer and his attorney.  The presiding district judge referred these motions to me for issuance of a report and recommendation.

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded.  *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  The plaintiff has the burden of proving the amount of damages to be awarded.  When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*,

---

[1] The motions at docket number 18 and 19 appear to be identical, and seek entry of a default judgment against Schmidter.  The motion at docket number 20 is substantially identical to the other two motions except that it seeks a default judgment against Specialty Roofing. I admonish counsel that the better practice is to file one motion seeking a default judgment against both defendants.

328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence."  *Id.*

**III.    ALLEGATIONS OF THE COMPLAINT.**

Specialty Roofing is a Florida corporation operating a roofing company in Orlando, Florida. Doc. No. 1 ¶¶ 4-5.[2]  Specialty Roofing employed Weldishofer as a laborer.  *Id.* ¶ 4.  At all times relevant to this case, Weldishofer was engaged in commerce, as that term is defined by the FLSA.  *Id.* ¶ 6.  In addition, Specialty Roofing is an enterprise engaged in commerce or in the production of goods for commerce under the FLSA.  *Id.* ¶ 7.

Schmidter was the owner and/or officer of Specialty Roofing at all times material to this case. *Id.* ¶ 8.  In addition, Schmidter was acting directly or indirectly in the interest of Specialty Roofing in relation to Weldishofer's employment and was substantially in control of the terms and conditions of Weldishofer's work.  *Id.* ¶ 9.

Weldishofer entered into an oral employment contract with one of the defendants, pursuant to which that defendant agreed to pay him $15.00 per hour for the hours he worked.  *Id.* ¶ 17. During "numerous weeks," Weldishofer worked more than forty hours, yet he was not compensated for his overtime work at a rate not less than one and one-half times his regular hourly rate of pay.  *Id.* ¶ 12. In addition, Specialty Roofing did not pay Weldishofer for work he performed between December 3 and December 17, 2004.  *Id.* ¶ 14.  Specialty Roofing's violations of the FLSA were wilful.  *Id.* ¶¶ 12, 14.

---

[2] The complaint also states that Specialty Roofing "operates a restaurant in Orlando, Florida.  Defendant, Mama Carmel Restorante, is an employer as defined by [the FLSA]."  Doc. No. 1 ¶ 5.  This reference to a restaurant appears to have been an error.

**IV.     EVIDENCE REGARDING DAMAGES.**

Specialty Roofing employed Weldishofer from January 10, 2005, to January 18, 2005.  Doc. Nos. 18-20 pt. 2 (Affidavit of Lance Weldishofer ¶ 2).  To Weldishofer's knowledge, the gross sales of Specialty Roofing exceeded $500,000.00 per year.  *Id.* ¶ 4.  The supplies and products utilized by Specialty Roofing were obtained from outside the State of Florida.  *Id.* ¶ 5.  Schmidter had operational control of Specialty Roofing's business.  *Id.* ¶ 6.  Specialty Roofing paid Weldishofer an hourly rate of $15.00 per hour.  *Id.* ¶ 7.

From January 10, 2005, to January 16, 2005, Weldishofer worked 74 hours for which he was not paid.  *Id.* ¶ 8.  From January 17, 2005, to January 18, 2005, Weldishofer worked 28 hours for which he was not paid.  *Id.*  From January 10, 2005, to January 18, 2005, Weldishofer worked 32 hours of overtime and did not receive one-half times his regular rate of pay from Specialty Roofing.  *Id.* ¶ 9.

V.      ANALYSIS.

   A.    *Liability.*

      1.    <u>Contractual Wages</u>.

"'Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.'"  *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).

      By failing to answer the complaint, the defendants admit that: (1) one of them entered into an oral employment contract with Weldishofer; (2) Weldishofer performed the work required; (3) the contracting defendant did not pay him for the work; (4) Weldishofer incurred damages as a result thereof.  This is sufficient to establish liability as to the contracting defendant.  There is, however, no allegation or evidence sufficient to conclude that the defendant that was not a party to the oral employment contract agreed to guarantee that the contractual wages would be paid.  *See, e.g., Blake v. G.M. Munce*, 426 So. 2d 1175, 1177 (Fla. 5th Dist. Ct. App. 1983).

      The complaint alleges that Weldishofer entered into a contract with only one "defendant," but he does not identify which of the two defendants was a party to the contract.  The allegations are insufficient to conclude that the non-contracting defendant agreed to guarantee the contract, which would be necessary to support an award of damages against the non-contracting defendant.   Because the contracting defendant is not identified, Weldishofer failed to allege facts sufficient to conclude that a contract was formed with a particular defendant.  Accordingly, under these circumstances, I recommend that the motion for default judgment as to count III of the complaint be denied.  *Cf. Inman v. Club on Sailboat Key, Inc.*, 342 So. 2d 1069, 1070 (Fla. 3rd Dist. Ct. App. 1977) (holding that it was not error to grant summary judgment on breach of contract count in favor of defendant who was not a party to the employment contract).

2.    <u>Minimum Wages</u>.

To establish a claim for payment of minimum wages under the FLSA, Weldishofer must establish the following:

First, that he was employed by Specialty Roofing during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, the defendants admit that Weldishofer was employed by Specialty Roofing during the time period involved in this case.  They admit that Weldishofer was engaged in commerce in his job as a laborer.  They further admit that they did not pay Weldishofer the minimum wage for work he performed.  This is sufficient to establish that Specialty Roofing is liable to pay Weldishofer minimum wages he is owed for his work.

3.    <u>Overtime Wages</u>.

To establish a claim for payment of overtime wages under the FLSA, Weldishofer must establish the following:

First, that he was employed by Specialty Roofing during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce; and

Third, that the defendants failed to pay the overtime pay required by law.

Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, the defendants admit that Weldishofer was employed by Specialty Roofing during the time period involved in this case.  They admit that Weldishofer was engaged in commerce in his job as a laborer.  They further admit that they did not pay Weldishofer

overtime wages for work he performed.  This is sufficient to establish that Specialty Roofing is liable to pay Weldishofer overtime wages he is owed for his work.

           4.    <u>Individual Liability</u>.

        With respect to Schmidter, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Id.* at 638.

        By failing to answer the complaint, Schmidter admits that he was an owner or officer of Specialty Roofing, and that he was substantially in control of the terms and conditions of Weldishofer's work.  This is sufficient to establish that Schmidter is also liable to pay Weldishofer unpaid minimum and overtime wages owed for his work.

          B.    *Damages.*

           1.    <u>Minimum Wages</u>.

        Under the FLSA, Weldishofer is entitled to be compensated for the difference between the wages he received and $5.15 per hour of work he performed.  29 U.S.C. § 206(a)(1).  His affidavit establishes that, from January 10, 2005, to January 16, 2005, he worked 74 hours for which he was not paid.  His affidavit further establishes that, from January 17, 2005, to January 18, 2005, he worked 28 hours for which he was not paid.  Thus, Weldishofer is owed $5.15 per hour for 102 hours worked.  Thus, Weldishofer is owed a total of $525.30 in unpaid minimum wages.[3]

---

[3] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (102) totals $525.30.

2.      Overtime Wages.

Weldishofer avers that his regular pay was $15.00 per hour.  Under the FLSA, Weldishofer is entitled to one and one-half times his regular rate of pay for each hour over forty that he worked during any workweek.  29 U.S.C. § 207(a)(1).  Weldishofer's affidavit establishes that he worked 32 overtime hours for which he was not compensated.  However, as noted above, Weldishofer will be paid minimum wages for his non-overtime work, which payment must be deducted from the straight-time portion of the overtime calculation.  Thus, Weldishofer is owed $555.20 in unpaid overtime compensation.[4]

3.      Liquidated Damages.

Weldishofer also seeks liquidated damages in the amount of his unpaid wages.  By defaulting, the defendants admit that they acted willfully in failing to pay Weldishofer the statutorily required overtime compensation. When, as here, the defendants have not presented a defense that the failure to pay overtime wages was in good faith, the Court must also require the employer to pay liquidated damages equal to the amount of the unpaid minimum and overtime wages.  *See* 29 U.S.C. § 216(b); *see also Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991). Therefore, Specialty Roofing and Schmidter owe Weldishofer an additional $1,080.50 in liquidated damages, which amount reflects the total of his unpaid overtime and minimum wages.

4.      Interest.

In his affidavit, Weldishofer avers that he is entitled to interest at six percent per annum, or $0.29 per day since January 18, 2005.  Doc. No. 15 pt. 2 ¶ 11.  It is well-established law in this circuit

---

[4] This figure is computed as follows: One and one-half times Weldishofer's regular rate of pay (1.5 x $15.00 per hour) is $22.50 per hour.  Weldishofer's overtime hours (32) multiplied by his overtime hourly rate ($22.50) totals $720.00, less the minimum wage paid for these 32 hours ($5.15 x 32 = $164.80), for a net result of $555.20 in unpaid overtime compensation.

that successful plaintiffs are not entitled to prejudgment interest on unpaid wages recovered under the

FLSA. *Lindsey v. Amer. Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir. 1987) (citing *Barcellona*

*v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979)).  Therefore, Weldishofer is not

entitled to any award of interest.

                5.    <u>Attorney's Fees</u>.

    Finally, the FLSA also provides for a mandatory award of attorney's fees and costs.  29

U.S.C. § 216(b).  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that

"the most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is

commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id*. at 434;

*accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

    The "'fee applicant bears the burden of establishing entitlement and documenting the

appropriate hours and hourly rates.'"  *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th

Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the applicant must produce satisfactory

evidence that the requested rate is within the prevailing market rates and supports the number of

hours worked and the rate sought.  *Hensley*, 461 U.S. at 433.  "[F]ee counsel should have maintained

records to show the time spent on the different claims, and the general subject matter of the time

expenditures ought to be set out with sufficient particularity so that the district court can assess the

time claimed for each activity."  *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide

"fairly definite information" concerning activities performed by each attorney.  *See Mallory v.*

*Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308,

1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Weldishofer's attorney, Scott C. Adams, Esq., seeks compensation for 9.7 hours of work performed on this case at an hourly rate of $200.00, for a total attorney's fee award of $1,940.00. Doc. Nos. 18-20 pt. 3 ¶ 5.  Adams is a licensed attorney practicing in Orlando, Florida.  *Id.* ¶ 2.  He has been a member of the Florida Bar since 2002, and has handled numerous cases in the area of employment law.  *Id.* ¶ 3.  The rate of $200.00 per hour is excessive for an attorney of Adams' training and experience in the central Florida market.  *See, e.g., See Brother v. Int'l Beach Club Condominium Ass'n, Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *7 (M.D. Fla. Apr. 28, 2005) (approving $120.00 per hour for a lawyer admitted to practice for six years).  Based on my experience in the central Florida market, I conclude that no more than $150.00 per hour is reasonable for Adams' work in this case.

Some of the hours for which Adams seeks reimbursement are not reasonably chargeable to the defendants.  On April 27 and June 15, 2005, Adams spent .7 hours preparing his original motion for default judgment and reviewing an order denying this motion because it failed to include a memorandum of law and evidence in support of the damages sought.  *Id.* ¶ 5; Doc. Nos. 11, 14.  Time spent correcting an error by counsel is not appropriately charged to the opposing party.  *See, e.g., Brother v. Miami Hotel Inv., Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004).  Therefore, it would be inappropriate to charge to the defendants time spent preparing the defective motion and reviewing the order denying it.

It is also unreasonable for an attorney to spend .9 hours preparing routine forms, including a civil cover sheet, pendency of other actions, certificate of interested persons, and a letter to the clerk to accompany the initial filing.  I recommend that the Court find that .2 hours is reasonable to perform the portion of these tasks that were not clerical in nature, and that no attorney's fees be awarded for clerical work.

Accordingly, in the absence of objection, I find that Adams reasonably worked 8.3 hours at $150.00 per hour for a total attorney's fee award of $1,245.00.

6.    Costs.

Weldishofer seeks an award of costs in the amount of $450.00.  This amount reflects the filing fees ($250.00), costs of serving process ($50.00), and miscellaneous costs such as printing, copies, faxes, postage, and materials ($150.00).

The FLSA does not explicitly provide for an award of costs other than those enumerated in 28 U.S.C. § 1920.  *See, e.g., Glenn v. General Motors Corp.*, 841 F.2d 1567, 1576 (11th Cir. 1988).  Therefore, an award of costs must be limited to costs authorized by section 1920.  *Id.*  Section 1920 includes filing fees, costs of serving process, and copying costs for papers "necessarily obtained for use in the case."  It does not include expenses associated with facsimile transmissions, postage and "materials."  *See, e.g., Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).  Therefore, the motion should be granted as to the filing fees and service of process costs, totaling $300.00.  The motion should be denied as to the remaining costs because it is impossible to determine how much of the $150.00 should be allocated to compensable costs, and Adams provided no evidence that copying costs were related to obtaining copies of papers "necessarily obtained for use in the case."

-12-

## VI.    RECOMMENDATION.

For the reasons stated above, I respectfully recommend that the Court **GRANT** in part Weldishofer's Renewed Motions for Entry of Default Judgment Against Defendant Specialty Roofing and Coating Company and Schmidter, doc. nos. 18-20, and find that Specialty Roofing and Schmidter are jointly and severally liable to pay Weldishofer $525.30 in minimum wages, $555.20 in overtime wages, $1,080.50 in liquidated damages, $1,245.00 in attorney's fees, and $300.00 in costs for a total damage award of $3,706.00.  I further recommend that the motions be **DENIED** in all other respects.  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 20, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy